## Murrel v. Allen.

(Decided May 17, 1918.)

## Appeal from Clay Circuit Court.

1.  Elections—Contest—Voters—Qualifications — Educational Test — Illiteracy.—Under a statute conferring the right of suffrage in school elections on women who possess the legal qualifications of male voters and are also able to read and write, a voter who can write only her name, or her name and post office address, is not qualified.

2.  Elections—Contest—Qualifications—Educational Test—Illiteracy— Stipulation of Facts—Effect.—Where in a contest over the election of a school trustee, the parties in order to avoid the necessity of taking further proof, filed a stipulation of facts respecting the educational qualifications of certain women voters, the necessary inference from the stipulation that a certain voter "could write her name" is that that was the limit of her ability to write, and the effect is the same as if it had been stipulated that she could write her name and nothing more, and the trial court properly held that such voter was disqualified.

3.  Elections — Contest — Voter — Qualifications — Residence—Evidence.—Where in an election contest it appeared that a voter, who, after his father removed from the district, went to the residence of another in the district and continued to live there and claim the latter residence as his home, he was a resident of the district and qualified to vote, notwithstanding evidence to the effect that he was seen going to and from his father's home and had his washing done there.

A. T. W. MANNING, D. Y. LYTTLE and MANNING & LYTTLE for appellant.

WEBB, HOUSE & WEBB for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

At the election held on October 7, 1916, Wiley Murrel and Joe L. Allen were rival candidates for the office of trustee in subdistrict 12, Educational Division No. 3, of Clay county. According to returns made by the officers of the election, Murrel received 34 votes and Allen 32 votes, and Murrel was awarded a certificate of election. Thereupon Allen brought this suit contesting the election on the ground that certain voters for Murrel had no right to vote. Murrel filed an answer and counter-claim denying the allegations of the petition and challenging the votes of six persons who voted for Allen. On final hearing the court held that Allen received 29 legal votes, while Murrel received 28 legal votes, and entered judgment declaring Allen elected. Murrel appeals.

The propriety of the judgment depends on the correctness of the court's decision that Catherine Allen, Mary Gilbert, and Nancy B. Allen, who voted for Murrel, were not entitled to vote, and that Steve Allen, who voted for Joe L. Allen, was entitled to vote. The right of suffrage in school elections has been conferred on all women who possess the legal qualifications of male voters and who are also able to read and write. Chapter 47, Acts 1912, p. 43. During the progress of. the action, the parties signed and filed the following stipulation of facts:

"In order to save time and expense in the further preparation of this cause for trial in taking rebuttal evidence for the plaintiff, it is stipulated and agreed by and between the plaintiff, Joe L. Allen and his counsel of record and Wiley Murrell and his counsel of record as follows:

"(1) That on the 7th day of October, 1916, Catherine Allen could read print, and could write her name.

"(2) That on the 7th day of October, 1916, Mary Gilbert could read print and could write her name.

"(3) That Nancy B. Allen could read and could write her name and post office address on the said October 7th, 1916, and no more.

"(4) That Mary B. Allen could read and write on said October 7th, 1916."

We have written that one is able to write who, by the use of alphabetical signs, can express in a fairly legible way words in common use and of average difficulty, though each word may not be accurately spelled.

Justice v. Meade, 162 Ky. 421, 172 S. W. 678. We may also add that the ability to write, as contemplated by the statute, carries with it the power to record or express ideas or thoughts. Hence the statute is not satisfied by the mere ability to write one's name, or one's name and postoffice address, and nothing more. W. H. Helton v. Harrison Burdette, 180 Ky. 492. Viewing the stipulation in the light of this rule, it is clear that neither Catherine Allen nor Nancy Allen was able to write. It is equally clear that Mary Allen could write, because the stipulation that she could do so was without qualification. But it is argued that the vote of Mary Gilbert should not have been rejected because the stipulation showed that she "could write her name," and appellee did not sustain the burden of showing that she could write nothing more. We are of the opinion, however, that this position is not tenable. To avoid the necessity of taking further proof, the facts were stipulated. The manifest purpose of the stipulation was to disclose the voters' educational qualifications by showing exactly what they could do in the way of reading and writing. When, therefore, it was stipulated that Mary Gilbert could write her name, the necessary inference is that that was the limit of her ability in that respect, and the effect is the same as if it had been stipulated that "she could write her name and nothing more." We, therefore, conclude that the vote of Mary Gilbert, which was cast for appellee, was properly rejected.

It remains to consider whether the vote of Steve Allen was properly counted for appellee. If improperly counted, the election resulted in a tie. It appears that Steve Allen had lived with his father in the subdistrict in question for several years. About the first of March, 1916, his father moved to another district. Thereupon Steve went to live with Gilbert Baker, whose residence was in the subdistrict in question, and claimed his home at Gilbert Baker's until the day after the following November election, when he went to live with Able Bishop. At the November election he voted in precinct thirteen, which includes the subdistrict in question. According to the evidence for appellant, Steve Allen was seen going and returning from his father's home after his father moved from the district, and had his washing done at his father's home. It can not be doubted that Allen had the right, when his father moved, to remain

in the district and select another home there. This he did by moving to Baker's residence and continuing to live there and claiming it as his home. Under these circumstances, the mere fact that he was seen going to and from his father's new home and had his washing done there, is not sufficient to show that he resided with his father. We, therefore, conclude that Allen's vote was properly counted for appellee. It results that the judgment was proper.

Judgment affirmed.